| |
|---|
| **International Bus. Machs. Corp. v Global Foundries U.S. Inc.** |
| 2024 NY Slip Op 31066(U) |
| March 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653625/2021 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

INTERNATIONAL BUSINESS MACHINES CORPORATION,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 653625/2021 |

Plaintiff,

|  |  |  |
|---|---|---|
| | **MOTION DATE** | 11/10/2023, 11/10/2023 |

- v -

GLOBALFOUNDRIES U.S. INC.,

|  |  |  |
|---|---|---|
| | **MOTION SEQ. NO.** | 048 |

Defendant.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 048) 1137, 1138, 1139, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1153, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1194, 1195, 1196, 1199, 1200, 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1223, 1224, 1225, 1226, 1227, 1228, 1229, 1230, 1231, 1232, 1233, 1234, 1235, 1236, 1237, 1238, 1239, 1240, 1241, 1242, 1243, 1244, 1245, 1246, 1247, 1248, 1249, 1250, 1251, 1252, 1253, 1254, 1255, 1256, 1257, 1258, 1259, 1260, 1261, 1262, 1263, 1264, 1265, 1266, 1267, 1268, 1269, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1279, 1280, 1281, 1282, 1283, 1284, 1285, 1286, 1287, 1288, 1289, 1290, 1291, 1292, 1293, 1294, 1295, 1296, 1297, 1298, 1299, 1300, 1301, 1302, 1303, 1304, 1305, 1306, 1307, 1308, 1309, 1310, 1312, 1317, 1318, 1319, 1320, 1321, 1351

were read on this motion to _____SEAL / REDACT_____.

Defendant GlobalFoundries U.S. Inc. ("GF") seeks an order sealing and/or redacting

exhibits from that were filed in connection with this proceeding as NYSCEF Document Numbers

672, 673, 675, 685, 687, 688, 689, 691, 693, 694, 695, 696, 705, 706, 708, 710, 711, 714, 715,

717, 718, 719, 722, 724, 726, 730, 744, 745, 746, 749, 750, 752, 755, 760, 763, 764, 779, 781,

784, 785, 787, 788, 789, 790, 791, 792, 793, 798, 801, 803, 804, 805, 806, 811, 815, 816, 817,

820, 826, 827, 828, 830, 831, 832, 833, 834, 835, 840, 841, 842, 843, 846, 848, 849, 850, 851,

852, 855, 992, 993, 996, 997, 1003, 1004, 1007, 1140, 1141, 1142, 1143, 1144, 1145, 1146,

1147, 1148, 1149, 1150, 1151, 1152, 1153, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161,

1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1171, 1172, 1173, 1174, 1175, 1176,

**653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No.  047 048**

**Page 1 of 6**

1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1194, 1195, 1196, 1199, 1200, 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1223, 1224, and 1225. For the following reasons, the motion is **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the proposed sealing and/or targeted redactions in the documents filed as NYSCEF Document Numbers 672, 673, 685, 687, 688, 689, 691, 693, 694, 695, 696, 705, 706, 708, 711, 714, 715, 717, 718, 719, 722, 724, 726, 730, 744, 745, 746, 749, 750, 752, 755, 779, 784, 785, 787, 788, 789, 790, 791, 792, 793, 803, 804, 805, 806, 811, 815, 816, 827,

**653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No.  047 048**

**Page 2 of 6**

2 of 6

[* 2]

INDEX NO. 653625/2021
RECEIVED NYSCEF: 03/29/2024

828, 830, 831, 832, 834, 835, 840, 841, 849, 850, 851, 852, 855, 992, 993, 1003, 1004, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1174, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1196, 1199, 1200, 1201, 1202, 1204, 1205, 1206, 1207, 1212, 1213, 1214, 1215, 1216, 1219, 1220, 1222, 1223, 1224, and 1225, and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-350, and its progeny, in that they contain sensitive and confidential business and financial information. Further, these Exhibits are properly sealed and/or redacted to the extent they contain nonpublic information about confidential contracts or agreements with non-parties (*Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]).

However, GF's generalized assertions of good cause for the remaining Exhibits filed as document numbers 760, 763, 764, 781, 798, 801, 817, 820, 826, 833, 842, 843, 846, 848, 997, 1007, 1171, 1172, 1173, 1175, 1185, 1186, 1194, 1195, 1203, 1208, 1209, 1210, 1211, 1218, and 1221 do not establish a compelling justification for the complete sealing that is proposed. While *portions* of these documents may include confidential business and financial information, the proposed sealing is not adequately explained or justified. Thus, GF should propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the

**653625/2021  INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**                    **Page 3 of 6**
**Motion No.  047 048**

3 of 6

factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Finally, the proposed targeted redactions of the documents filed as document numbers 675, 710, 996, 1140, 1153, and 1217 do not meet the *Mosallem* standard and should be unsealed.

Accordingly, it is

**ORDERED** that the motions to seal/redact the Exhibits are **granted** insofar as they seek to seal the documents filed as NYSCEF Document Numbers 688, 689, 706, 714, 715, 717, 726, 730, 779, 784, 785, 787, 788, 789, 790, 791, 792, 793, 815, 827, 831, 832, 855, 1143, 1144, 1151, 1155, 1156, 1157, 1162, 1163, 1174, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1192, 1196, 1201, 1202, and 1216; it is further

**ORDERED** that the motions to seal/redact the Exhibits are **granted** insofar as they seek to redact confidential portions of the documents filed as NYSCEF Document Number 672, 673, 685, 687, 691, 693, 694, 695, 696, 705, 708, 711, 718, 719, 722, 724, 744, 745, 746, 749, 750, 752, 755, 803, 804, 805, 806, 811, 816, 828, 830, 834, 835, 840, 841, 849, 850, 851, 852, 992, 993, 1003, 1004, 1141, 1142, 1145, 1146, 1147, 1148, 1149, 1150, 1152, 1154, 1158, 1159, 1160, 1161, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1187, 1188, 1189, 1190, 1191, 1193, 1199, 1200, 1204, 1205, 1206, 1207, 1212, 1213, 1214, 1215, 1219, 1220, 1222, 1223, 1224, and 1225; it is further

**ORDERED** that the motions to seal/redact the Exhibits are **denied** as to the document filed as NYSCEF Document Number 760, 763, 764, 781, 798, 801, 817, 820, 826, 833, 842, 843, 846, 848, 997, 1007, 1171, 1172, 1173, 1175, 1185, 1186, 1194, 1195, 1203, 1208, 1209, 1210, 1211, 1218, and 1221, without prejudice to filing a new motion within 21 days to **redact**

**653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No.  047 048**

**Page 4 of 6**

**confidential *portions*** of the remaining Exhibits consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that the County Clerk shall maintain the documents filed as NYSCEF Document Numbers 672, 673, 685, 687, 688, 689, 691, 693, 694, 695, 696, 705, 706, 708, 711, 714, 715, 717, 718, 719, 722, 724, 726, 730, 744, 745, 746, 749, 750, 752, 755, 779, 784, 785, 787, 788, 789, 790, 791, 792, 793, 803, 804, 805, 806, 811, 815, 816, 827, 828, 830, 831, 832, 834, 835, 840, 841, 849, 850, 851, 852, 855, 992, 993, 1003, 1004, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1174, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1196, 1199, 1200, 1201, 1202, 1204, 1205, 1206, 1207, 1212, 1213, 1214, 1215, 1216, 1219, 1220, 1222, 1223, 1224, and 1225 under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the document filed as NYSCEF Document Number 760, 763, 764, 781, 798, 801, 817, 820, 826, 833, 842, 843, 846, 848, 997, 1007, 1171, 1172, 1173, 1175, 1185, 1186, 1194, 1195, 1203, 1208, 1209, 1210, 1211, 1218, and 1221 shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If any party files a new motion to redact/seal confidential ***portions*** of the document consistent with this Decision and Order within that 21-day period, the document shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion to seal the above-referenced documents has been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

**653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No.  047 048**

**Page 5 of 6**

5 of 6

**ORDERED** that the County Clerk shall unseal the documents filed to the docket as NYSCEF Document Numbers 675, 710, 996, 1140, 1153, and 1217; it is further

**ORDERED** that, to the extent they have not already done so, the parties shall upload redacted copies to NYSCEF of the documents filed at NYSCEF Document Numbers 672, 673, 685, 687, 691, 693, 694, 695, 696, 705, 708, 711, 718, 719, 722, 724, 744, 745, 746, 749, 750, 752, 755, 803, 804, 805, 806, 811, 816, 828, 830, 834, 835, 840, 841, 849, 850, 851, 852, 992, 993, 1003, 1004, 1141, 1142, 1145, 1146, 1147, 1148, 1149, 1150, 1152, 1154, 1158, 1159, 1160, 1161, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1187, 1188, 1189, 1190, 1191, 1193, 1199, 1200, 1204, 1205, 1206, 1207, 1212, 1213, 1214, 1215, 1219, 1220, 1222, 1223, 1224, and 1225; it is further

**ORDERED** that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; it is further

**ORDERED** that, as it relates to future submissions that contain subject matter that the court has authorized to be sealed by this Decision and Order which are made by any party, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed with a request to seal.

This constitutes the Decision and Order of the Court.

20240329155745JMCOHEN8BA00BEE1B02411E8EBC7DE6BA86CF21

_____
**3/29/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653625/2021 INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.** Page 6 of 6
**Motion No. 047 048**